**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JULIO NERY CARRANZA PENA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

---

No. 11-73710

Agency No. A070-914-611

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Julio Nery Carranza Pena, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the BIA's denial of motions to reopen and motions to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

Carranza Pena did not challenge the BIA's determination that his motion, in part, requested reconsideration of its denial of his original appeal, nor did he challenge the BIA's denial of the motion for reconsideration as untimely. Further, we lack jurisdiction to consider Carranza Pena's challenges to the BIA's original decision because the petition for review is not timely as to that claim. *See* 8 U.S.C. § 1252(b)(1); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996).

The BIA did not abuse its discretion in denying Carranza Pena's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for asylum, withholding of removal, or CAT relief. *See* 8 C.F.R. § 1003.2(c)(1); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**